UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-MJ-03462-Elfenbein

FILED BY ___TS___ D.C.

Jul 22, 2024

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - Miami, FL

UNITED STATES OF AMERICA

vs.

ERIC ROSARIO, et al.,

       Defendants,
_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek M. Maynard)?   NO

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)?   NO

3. Did this matter involve the participation of or consultation with now Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023?  NO

4. Did this matter involve the participation of or consultation now Magistrate Judge Marty Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024?  NO

                                                Respectfully submitted,

                                                MARKENZY LAPOINTE
                                                UNITED STATES ATTORNEY

                          By:    /s/ Yvonne Rodriguez-Schack
                                YVONNE RODRIGUEZ-SCHACK
                                Assistant United States Attorney
                                Florida Bar No. 794686
                                99 N.E. 4th Street
                                Miami, Florida 33132
                                305.961.9014
                                Yvonne.Rodriguez-Schack@usdoj.gov

AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>Eric Rosario, Ivan Garua, and<br>Wilkin Santana,<br>*Defendants.* | )<br>)<br>) Case No.   24-MJ-03462-Elfenbein<br>)<br>)<br>)<br>) |

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

Beginning on an unknown date and continuing through on or about ___July 7, 2024___, upon the high seas outside the jurisdiction any particular state or district, in international waters, while on board a vessel subject to the jurisdiction of the United States, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| Title 46, United States Code, Section 70506(b) | Conspiracy to possess with intent to distribute a controlled substance, while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. § 70503; all in violation of 46 U.S.C. § 70506(b).<br><br>Pursuant to 46 U.S.C. § 70506(a), and 21 U.S.C. § 960(b)(1)(B), it is further alleged that this violation involved 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine. |

This criminal complaint is based on these facts:

SEE ATTACHED AFFIDAVIT

☑ Continued on the attached sheet.

_____ Badge No. TF9887
*Complainant's signature*

Lewis C. Hosch, Special Agent DEA
*Printed name and title*

Attested to by the Affiant in accordance with the
requirements of Fed.R.Crim.P. 4.1 by Face Time.

Date: July 20, 2024

_____
*Judge's signature*

City and state:  Miami, Florida

Hon. Marty Fulgueira Elfenbein, United States Magistrate Judge
*Printed name and title*

## AFFIDAVIT

I, Lewis Hosch, being duly sworn, hereby depose and state the following:

1. I am employed as a Detective with the City of Homestead Police Department and have served in this capacity since January 2005. I am currently a Task Force Officer with the Drug Enforcement Administration ("DEA") and have served in this capacity since August 2019. As such, I am an investigative or law enforcement officer within the meaning of Title 18, United States Code, Section 2510 (7), that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Titles 18, 21, and 46 of the United States Code. I am currently assigned to the DEA's Miami Field Division in Miami, Florida and have personally conducted and participated in numerous investigations resulting in the arrest and prosecution of various individuals for federal narcotics violations. Based on my training and experience as a Task Force Officer with the DEA, I am familiar with the manner in which narcotics traffickers and narcotics-trafficking organizations operate. I am also knowledgeable about federal criminal statutes, particularly narcotics statutes.

2. The facts set forth in this Affidavit are based on my personal knowledge as well as information obtained from others. This Affidavit is submitted for the limited purpose of establishing probable cause in support of a Criminal Complaint against ERIC ROSARIO, IVAN GARUA and WILKIN SANTANA for knowingly and willfully conspiring to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of Title 46, United States Code, Section 70506(b).

3. On or about July 7, 2024, the USS ST. LOUIS detected a go-fast vessel ("GFV") approximately 166 nautical miles north of Venezuela in international waters. The GFV had three individuals on board, several bales on deck, multiple fuel barrels, and displayed no indicia of

nationality. The USS ST. LOUIS diverted to interdict and investigate. United States Coast Guard ("USCG") District 7 assumed tactical control of ST. LOUIS and granted a Statement of No Objection for the ST. LOUIS to conduct a Right of Visit boarding. The ST. LOUIS launched a small boat with a USCG Law Enforcement Detachment Team to board and gain positive control of the GFV.

4.  When the boarding team arrived alongside, the GFV had three individuals on board. During a Right of Visit questioning, ERIC ROSARIO identified himself as the master. ROSARIO made a claim of Dominican Republic nationality for himself and the two other individuals on board. ROSARIO did not make a claim of nationality for the vessel. Consequently, the GFV was treated as a vessel without nationality, and therefore, subject to the jurisdiction of the United States. The boarding team conducted a full law enforcement boarding.

5.  The three individuals on board were later identified as ERIC ROSARIO, IVAN GARUA, and WILKIN SANTANA. The boarding team conducted two narcotics identification kit (NIK) tests on the contents of the bales which tested positive for cocaine. The USCG boarding team recovered and seized a total of seventeen (12) bales with an approximate weight of 288 kilograms of cocaine. All three individuals, along with the suspected cocaine, were transferred to the USS ST. LOUIS.

[THIS AREA INTENTIONALLY LEFT BLANK.]

6. Based on the foregoing facts, I submit that probable cause exists to believe that ERIC ROSARIO, IVAN GARUA, and WILKIN SANTANA, did knowingly and willfully conspire to possess with intent to distribute five kilograms or more of cocaine, while on board a vessel subject to the jurisdiction of the United States, in violation of Title 46, United States Code, Section 70506(b).

FURTHER AFFIANT SAYETH NAUGHT.

Badge No. TF9887

LEWIS HOSCH
SPECIAL AGENT
DRUF ENFORCEMENT ADMIBISTRATION

Attested to by the applicant in accordance with the requirements of Fed.R.Crim.P. 4.1 by Face Time this  20th  day of July 2024.

HONORABLE MARTY FULGUEIRA ELFENBEIN
UNITED STATES MAGISTRATE JUDGE

3